USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

The Pharma Partners, LTD,

                    Plaintiff,

        —v—

Liposeuticals Inc.,

                    Defendant.

---

19-CV-5735 (AJN)

MEMORANDUM
AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiff The Pharma Partners, LTD brings this breach of contract action against Liposeuticals Inc.  Now before the Court is Defendant's motion to dismiss.  Dkt. No. 13.  For the reasons articulated below, Defendant's motion is granted.

## I.      BACKGROUND

The following facts are drawn from the Amended Complaint and assumed to be true for purposes of this motion to dismiss.

Plaintiff is a Hong Kong corporation that "among other things, provides North American and European companies access to capital, manufacturing, and distribution in China."  Amended Complaint, Dkt. No. 11, ¶¶ 4, 7.  The Defendant is a Delaware corporation with its principal place of business in New Jersey.  *Id.* ¶ 4.  On January 6, 2015, the parties entered into a contract by which Plaintiff agreed to act as Defendant's strategic advisor for business development in China.  *Id.* ¶¶ 8-9.  The agreement contains the following clause: "Notwithstanding anything to the contrary contained herein, any controversy or claim arising out of or relating to this Letter Agreement or the breach hereof, shall be settled by binding arbitration in the State of New York."  *Id.* ¶ 26.  Plaintiff alleges that Defendant subsequently breached the agreement by failing

1

to pay money owed to Plaintiff.  *Id.* ¶¶ 14, 20-23.  Plaintiff claims that it initially attempted to arbitrate this dispute, but that Defendant was not responsive to its demands for arbitration.  *Id.* ¶¶ 30-35.  It now seeks to litigate the matter in court.  Defendant, for its part, also does not seek to arbitrate this dispute.  *See* Defendant's Reply Memorandum of Law, Dkt. No. 20, at 4.

## II.    DISCUSSION

Defendant argues, *inter alia*, that this action should be dismissed for lack of personal jurisdiction.  Whether there is personal jurisdiction is a "threshold matter" that should usually precede determination of the merits.  *In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 267-68 (2d Cir. 2001).  When a defendant moves to "dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant."  *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam) (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996)).  "If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction."  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (quotation omitted).  At this "preliminary stage, the plaintiff's prima facie showing may be established solely by allegations."  *Id.* (quotation omitted).  These allegations "must be taken as true to the extent they are uncontroverted by the defendant's affidavits."  *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quotation omitted).  The Court will "constru[e] all pleadings and affidavits in the light most favorable to the plaintiff and resolv[e] all doubts in the plaintiff's favor."  *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010).

Here, the sole basis asserted for personal jurisdiction is the arbitration clause, which provides for "binding arbitration in the State of New York." Amended Complaint ¶ 26. Defendant argues that this clause at most provides for personal jurisdiction in New York for proceedings in support of arbitration but does not indicate consent for anything more than that. The Court agrees.

Plaintiff relies on authority that stands for the proposition that an arbitration clause that designates a particular state as the arbitration forum can confer personal jurisdiction. But all of the cases cited by the Plaintiff involved court proceedings directly related to arbitration, such as petitions to compel arbitration or vacate an arbitral award. *See Doctor's Assocs. v. Stuart*, 85 F.3d 975, 979 (2d Cir. 1996); *Global Gold Mining, LLC v. Ayvazian*, 612 F. App'x 11, 13 (2d Cir. 2018). The rationale of these cases is practical in nature and tied specifically to the need to enforce the arbitration agreement. As the Second Circuit explained in *Doctor's Associates*, "[w]hen a party agrees to arbitrate in a state, where the Federal Arbitration Act makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in that state. To hold otherwise would be to render the arbitration clause a nullity." *Doctor's Assocs.*, 85 F.3d at 979 (quotation omitted). These cases do not stand for the proposition that an arbitration agreement that selects a particular state as the location for arbitration is equivalent for purposes of personal jurisdiction to a forum selection clause. And their concern for rendering the arbitration clause a nullity is not present in this case because neither party seeks to arbitrate this dispute.

Simply agreeing to arbitrate a dispute in a particular state does not indicate consent to engage in regular litigation in that state of the otherwise arbitrable dispute. Rather any jurisdictional consent "goes no farther than proceedings relating to enforcement of the arbitration

agreement." *Mariac Shipping Co., Ltd. v. Meta Corp.*, No. 05-cv-2224, 2005 U.S. Dist. LEXIS 10315, at *2-*3 (S.D.N.Y. May 27, 2005). This conclusion reflects the overwhelming consensus in this District that an agreement to arbitrate cannot by itself confer personal jurisdiction for traditional litigation. *See, e.g.*, *Hovensa LLC v. Kristensons-Petroleum, Inc.*, No. 12-cv-5706, 2013 U.S. Dist. LEXIS 60723, at *14-*15 (S.D.N.Y. Apr. 26, 2013); *First Am. Bulk Carrier Corp. v. Van Ommeren Shipping (USA) LLC*, 540 F. Supp. 2d 483, 485 (S.D.N.Y. 2008); *Abbacor, Inc. v. Miller*, No. 01-cv-803, 2001 U.S. Dist. LEXIS 13385, at *8 (S.D.N.Y. Aug. 31, 2001); *Kahn Lucas Lancaster, Inc. v. Lark Int'l*, 956 F. Supp. 1131, 1138-39 (S.D.N.Y. 1997). Accordingly, the Court lacks personal jurisdiction over Defendant.

## III.     CONCLUSION

For the reasons articulated above, Defendant's motion to dismiss is granted. This action is dismissed for lack of personal jurisdiction. The Clerk of Court is respectfully directed to enter judgment and close the case.

This resolves Dkt. No. 13.

SO ORDERED.

Dated: June 1, 2020
        New York, New York

_____
        ALISON J. NATHAN
        United States District Judge